[Civ. No. 14743.   Second Dist., Div. Three.   May 4, 1945.]

THE PEOPLE, Plaintiff, v. AMELIA ISABEL FREY, Respondent; C. O. NORDIN, Appellant.

William R. Law for Appellant.

Rupert B. Turnbull for Respondent.

DESMOND, P. J.—Defendant C. O. Nordin appeals from a supplemental judgment entered in this action on June 26, 1944.

Condemnation proceedings were commenced by the State of California on August 1, 1939, against certain defendants, including C. O. Nordin, Irving R. Deist, Amelia I. Frey and Ervyma M. Low, who were alleged to have an interest in the real property sought to be condemned for state highway purposes. The parcel of real property so sought, located in Los Angeles, California, contained 5,160 square feet and was described as "The East 100 feet of Lot 12 of Hazard's Annex, as shown on map thereof recorded in Book 7 at page 89 of Maps, in the Office of the County Recorder." The jury found the market value of the property to be $2,000. The court made findings of fact and concluded therefrom that plaintiff was "entitled to a judgment in condemnation decreeing that upon the payment into Court for the benefit of defendants Amelia I. Frey . . . Irving R. Deist . . . C. O. Nordin . . . Ervyma M. Low . . . as their interests herein may appear, of

the total sum of Two Thousand and No/100 Dollars ($2000.00), together with said defendants' costs of suit, there shall be condemned in fee simple absolute to the People of the State of California for use as a State highway, said parcel of land belonging to said defendants above named. . . ." No allocation of the various interests of the defendants was made either in the findings, the Judgment in Condemnation or in the Final Order of Condemnation. Thereafter, defendant Amelia I. Frey made a motion for an order directing the distribution of the sum of $2,000 among the respective defendants, which notice was served upon the aforementioned defendants and plaintiff, and came on for hearing on April 27, 1944. With the exception of Ervyma M. Low, all parties, including the appellant C. O. Nordin, appeared at the hearing and were represented either by counsel or in propria persona, the matter coming before the same judge who had heard the testimony at the time of the trial. At this hearing the court stated to the parties, "If I have failed properly to find what the interests are according to law I give you this opportunity to tell me what your interests are and prove them now." The record indicates that "evidence oral and documentary" was introduced at this hearing "on behalf of the defendant, Amelia I. Frey, and no evidence . . . offered by any other of the defendants, nor by the plaintiff." The court thereupon made additional findings, which allocated the various interests of the defendants, as follows: (1) That defendant Amelia I. Frey "was the owner in fee of the Southerly forty (40) feet of the Easterly 100 feet" of the parcel of real property involved in the condemnation suit and that her interest was of the value of $1,996; (2) That defendant C. O. Nordin had no right, title or interest in the real property involved or to the fund of $2,000, "other than that C. O. Nordin is now a judgment creditor of the defendant, Irving R. Diest, and at the time of the filing of this action and immediately prior attached all the right, title and interest of Irving R. Diest in and to the real property condemned herein; that the interest of C. O. Nordin in said real property is an interest only as an attaching creditor and has only a nuisance value; . . . The Court finds that the interest of said C. O. Nordin in and to said interest is One Dollar ($1.00) and no more. That C. O. Nordin has no interest in the land of Amelia I. Frey"; (3) That defendant Irving R. Diest's interest was in and to a strip approximately "11.6 feet in

width and running the long way of the property involved, which is described as the Northerly 11.6 feet of the East 100 feet of Lot 12 of Hazard's Annex, [etc.]''; that the value of his interest is $1.00; (4) That the defendant Ervy*ne* Low, the daughter of defendant Irving R. D*iest*, had "no interest in any of the property condemned excepting a nuisance value in and to the strip of land 11.6 feet wide, described in paragraph 3 last above mentioned [*supra* (3)]'' and "is entitled to a judgment for said nuisance value in the sum of One Dollar ($1.00), and no more.''

A supplemental judgment was entered accordingly and it is from this judgment that defendant C. O. Nordin appeals, his only contention, as stated in his brief, being that there was no evidence to warrant the findings or to support the supplemental judgment based thereon. We must, however, hold adversely to this contention. The appeal comes before us on the part of appellant upon the judgment roll, unsupported by a transcript of the evidence or bill of exceptions. Since all intendments must be indulged in favor of the judgment, it is presumed that the evidence offered at the trial was competent and material to the issues, was received without objection, and was sufficient to support the findings and judgment. (See 2 Cal.Jur. 867-887, and 1 Cal.Jur. 10-Yr. Supp. 531-540.)

The judgment is affirmed.

Shinn, J., and Wood (Parker), J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied July 2, 1945.